FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 02, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIE E.,[1]<br><br>    Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:20-cv-00344-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 18, 19 |

    Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 18, 19. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 18, and grants Defendant's motion, ECF No. 19.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

ORDER - 2

F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.920(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

ORDER - 3

404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

ORDER - 4

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the

ORDER - 5

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On May 23, 2018, Plaintiff applied both for Title II disability insurance benefits and Title XVI supplemental security income benefits alleging a disability onset date of December 31, 2017.[2] Tr. 15, 60-61, 180-87. The applications were denied initially and on reconsideration. Tr. 102-05, 110-23. Plaintiff appeared before an administrative law judge (ALJ) on November 7, 2019. Tr. 33-59. On November 27, 2019, the ALJ denied Plaintiff's claim. Tr. 12-32.

---

[2] Plaintiff previously applied for benefits on October 5, 2007, which was denied at the initial level; Plaintiff did not appeal the denial. Tr. 63.

ORDER - 6

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through September 30, 2021, has not engaged in substantial gainful activity since December 31, 2017. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: lumbar degenerative disc disease, fibromyalgia, and obesity. Tr. 18.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 20. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] is able to lift/carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk (with normal breaks) for 6 hours in an eight-hour workday, and sit (with normal breaks) 6 hours in an eight-hour workday. She can push/pull unlimitedly within those exertional limitations. She can frequently climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She can frequently balance, stoop, kneel, and crouch. She can occasionally crawl. She should avoid concentrated exposure to extreme cold vibrations, and workplace hazards, such as working with dangerous machinery and working at unprotected heights.

Tr. 21.

At step four, the ALJ found Plaintiff is capable of performing her past relevant work as a physical instructor and a sales clerk. Tr. 27. The ALJ did not make an alternative step five finding. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of December 31, 2017, through the date of the decision. Tr. 28.

ORDER - 7

On July 22, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUE

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issue for review:

    1. Whether the ALJ conducted a proper step-two analysis.

ECF No. 18 at 2.

## DISCUSSION

**A. Step Two**

Plaintiff contends the ALJ erred at step two by failing to identify her mental health conditions as severe impairments. ECF No. 18 at 7-14.

At step two of the sequential process, the ALJ must determine whether the claimant suffers from a "severe" impairment, i.e., one that significantly limits his/her physical or mental ability to do basic work activities. *Id*. When a claimant alleges a severe mental impairment, the ALJ must follow a two-step "special technique" at steps two and three. 20 C.F.R. §§ 404.1520a, 416.920a. First, the ALJ must evaluate the claimant's "pertinent symptoms, signs, and laboratory

ORDER - 8

findings to determine whether [he or she has] a medically determinable impairment." 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1).  Second, the ALJ must assess and rate the "degree of functional limitation resulting from [the claimant's] impairments" in four broad areas of functioning: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself.  20 C.F.R. §§ 404.1520a(b)(2)-(c)(4), 416.920a(b)(2)-(c)(4).  Functional limitation is measured as "none, mild, moderate, marked, and extreme." 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4).  If limitation is found to be "none" or "mild," the impairment is generally considered to not be severe.  20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).  If the impairment is severe, the ALJ proceeds to determine whether the impairment meets or is equivalent in severity to a listed mental disorder.  20 C.F.R. §§ 404.1520a(d)(2)-(3), 416.920a(d)(2)-(3).

Step two is "a de minimus screening device [used] to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

ORDER - 9

The ALJ found Plaintiff's depressive disorder, attention deficit hyperactivity disorder (ADHD), and posttraumatic stress disorder (PTSD) are not severe impairments. Tr. 18-20. The ALJ found Plaintiff has only mild limitations in all four broad functional areas. Tr. 19-20. In support of the finding Plaintiff's mental impairments are non-severe, the ALJ cited to medical records that document Plaintiff's generally normal behavior, eye contact, hygiene/grooming, mood, affect, cognition, orientation, thoughts, speech, insight/judgment, memory, attention, and fund of knowledge. Tr. 18-20. The ALJ also noted that Plaintiff refused a behavioral health referral, and later had improvement with treatment. Tr. 18-19.

First, Plaintiff argues the ALJ erred in finding her mental impairments are non-severe because the ALJ failed to consider the abnormal findings in the record. ECF No. 18 at 7-10. An ALJ must consider all of the relevant evidence in the record and may not point to only those portions of the records that bolster his findings. *See, e.g., Holohan v. Massanari*, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (holding that an ALJ cannot selectively rely on some entries in plaintiff's records while ignoring others). The ALJ is not permitted to "cherry pick" from mixed evidence to support a denial of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1017 n.23 (9th Cir. 2014). The ALJ noted that Plaintiff had some abnormalities on examination, including Plaintiff appearing as depressed, tearful, anxious, angry,

ORDER - 10

and/or pressured, but she generally had normal mental status findings. Tr. 18. Plaintiff argues the ALJ ignored evidence of Plaintiff having pressured speech and being tearful, ECF No. 18 at 9, however both abnormalities were reflected in the ALJ's analysis. Plaintiff also argues the ALJ failed to address evidence she had difficulty concentrating, but Plaintiff points to only two occasions when Plaintiff was tangential and required redirection. ECF No. 18 at 9 (citing Tr. 406, 560). The ALJ cited to multiple occasions when Plaintiff had normal attention span/focus. Tr. 18 (citing Tr. 336, 376, 390, 398, 548, 553). The ALJ also considered Plaintiff's activities that demonstrated no more than mild concentration limitations, such as her ability to concentrate on driving for a five-hour drive. Tr. 29. Plaintiff does not cite to any other evidence in support of the argument that the ALJ failed to consider all of the objective evidence.

Plaintiff also argues the ALJ erred in rejecting the uncontroverted opinion that she has mental impairments, as she has been diagnosed with PTSD, ADHD, depression, and anxiety. ECF No. 18 at 7-8, ECF No. 20 at 5. Plaintiff argues there is a more stringent standard than *de minimis* at step two when there is an uncontroverted diagnosis in the record. *Id.* (citing *Edlund,* 253 F.3d at 1158). However, Plaintiff has conflated two different standards applicable to different issues in Social Security cases. The Court in *Edlund* found the ALJ had not provided clear and convincing reasons to reject an uncontroverted opinion of an

ORDER - 11

examining provider, who opined Plaintiff's mental impairment caused severe limitations. *Edlund,* 253 at 1158. The Court explicitly stated that the ALJ's failure to provide clear and convincing reasons to reject the opinion impacted the step two findings, and the ALJ's step two analysis thus did not meet the *de minimis* standard. *Id.* Here, the ALJ considered Plaintiff's diagnoses, and there are no opinions in file that Plaintiff has a mental impairment that causes more than minimal limitations, thus there are no opinions to which the clear and convincing standard would be applicable. Further, Plaintiff's application was filed after March 27, 2017, and the new medical opinion regulations would apply, which Plaintiff does not address. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. As such, Plaintiff has not met her burden in demonstrating the ALJ erred in cherry picking the record nor in rejecting any mental health diagnosis or medical opinion.

Second, Plaintiff argues the ALJ erred in citing to evidence of her symptom improvement. ECF No. 18 at 10-11. Plaintiff argues one citation in which Plaintiff reported improvement with over-the-counter supplements should not have been considered because the evidence predates the alleged onset date. *Id.* at 10. Plaintiff also argues the evidence of her improvement in September 2019 fails to account for the cyclical nature of her symptoms. *Id.* at 11-12. The effectiveness of

ORDER - 12

treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.913(c)(3); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). In June 2017, Plaintiff reported improvement in her mood with over-the-counter Lithium. Tr. 18 (citing Tr. 308). This reported improvement was ten months prior to the alleged onset date. However, Plaintiff continued to report taking vitamins/supplements in 2018, Tr, 361, and August in 2019, she specifically reported she was taking the over-the-counter Lithium oratate supplement. Tr. 552. Plaintiff also reported she was feeling much better emotionally in September 2019, and her provider noted Plaintiff's ADHD and depression were clinically improved with medication and treatment. Tr. 19 (citing Tr. 567, 570). Plaintiff also reported her therapy reduced the impact of her PTSD. Tr. 18 (citing Tr. 553). While Plaintiff argues the ALJ failed to account for the cyclical nature of her symptoms, ECF No. 18 at 10-11, the ALJ cited to numerous visits where Plaintiff had generally normal examinations, and the ALJ reasonably found Plaintiff's mental impairments improved with treatment.

  Next, Plaintiff argues the ALJ erred in considering Plaintiff declining a behavioral health referral, because the ALJ failed to consider why Plaintiff did not pursue treatment. ECF No. 18 at 10-11. Social Security Ruling 16-3p instructs that an ALJ "will not find an individual's symptoms inconsistent with the evidence

ORDER - 13

in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." Social Security Ruling ("SSR") 16-3p at *8 (March 16, 2016), *available at* 2016 WL 1119029. Plaintiff cites to a record where she refused a referral to a physiatrist because she felt the provider just wanted to obtain more money. ECF No. 18 at 11 (citing Tr. 371). However, this record does not offer an explanation as to why she refused behavioral health treatment. Plaintiff also cited to a record where the provider noted Plaintiff had declined both physiatry and behavioral health referrals as Plaintiff reported she does not believe the referral to behavioral health is appropriate, and her opinion as a fitness professional with a nutrition degree should be trusted. ECF No. 18 at 11 (citing Tr. 373). Plaintiff argues she did not understand her conditions required treatment. ECF No. 18 at 11. However, Plaintiff refused the behavioral health referral in May 2018, Tr. 317, and reported she was agreeing to the behavioral health referral because "the state will make me do it" in order for her to receive financial benefits. Tr. 373. Plaintiff did not seek treatment until January 2019, and when seen for her intake, Plaintiff reported she was seeking behavioral health treatment due to a referral from her health provider and the recommendation of her Social Security representative. Tr. 512. Plaintiff does not cite to any evidence of a provider opining Plaintiff has impaired understanding of her conditions or need for treatment, and her insight and

ORDER - 14

judgment have been documented as normal, Tr. 341, 551, 553.  The ALJ reasonably found Plaintiff's refusal of a behavioral health referral supported the conclusion that Plaintiff's mental impairments not severe.  Additionally, Plaintiff has not challenged the ALJ's rejection of her symptom claims and thus has waived the argument that the ALJ improperly rejected her claims of disabling mental limitations.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

Further, any error is harmless.  While plaintiff argues her mental impairments cause her to be limited to only simple work, ECF No. 18 at 13, Plaintiff does not cite to any medical providers who opined Plaintiff is limited to simple tasks, nor does Plaintiff cite to any objective evidence that demonstrates Plaintiff is unable to perform more than simple tasks.  As such, Plaintiff makes no showing that any of her mental impairments creates limitations not already accounted for in the RFC.  *See Shinseki*, 556 U.S. at 409-10 (the party challenging the ALJ's decision bears the burden of showing harm).  Any error at step two is thus harmless.  *See Molina,* 674 F.3d at 1115.  Plaintiff is not entitled to remand on these grounds.

ORDER - 15

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED February 2, 2022.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 16